## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| **JONATHAN RICHIE,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **CASE NO. 1:24-cv-00218-MU** |
| | * | |
| **QUALITY CARRIERS, INC., and** | * | |
| **GIRARD EQUIPMENT, INC., and** | * | |
| **GULF COAST EXPRESS** | * | |
| **CARRIERS, CORP., and** | * | |
| **BRENNER TANK, LLC,** | * | |
| **And MICHAEL JENNINGS, and** | * | |
| **FICTITIOUS DEFENDANTS A-F,** | * | |
| | * | |
| **Defendants.** | * | |

## BRENNER TANK LLC'S BRIEF IN SUPPORT OF
## MOTION TO DISMISS FIRST AMENDED COMPLAINT

Brenner Tank LLC ("Brenner Tank"), one of the Defendants in this litigation, files this brief in support of its Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(2) of the *Federal Rules of Civil Procedure.* Brenner Tank's motion and brief are supported by the pleadings in this case and the affidavits of Cheryl Seip, Rick Kostro, and Christopher Morgan filed herewith. As shown below, this Court lacks personal jurisdiction over Brenner Tank, and all claims asserted against it should be dismissed.

1.      Plaintiff Jonathan Richie ("Plaintiff") filed his First Amended Complaint on September 23, 2024. Doc. 52. In his First Amended Complaint, Plaintiff asserted claims against Brenner Tank and other Defendants related to a nitric acid spill in Creola, Alabama that allegedly occurred on May 13, 2024. Plaintiff alleges that Brenner Tank is a manufacturer of tank trailers that haul hazardous materials, and alleges that the tank trailer

involved in the nitric acid spill was manufactured by Brenner Tank and sold to another Defendant, Gulf Coast Express Carriers, Corp. ("Gulf Coast"), prior to the events that form the basis of this lawsuit. *See* Doc. 52, ¶¶ 2-5.

2.     The First Amended Complaint alleges that Brenner Tank is "a Wisconsin corporation doing business in Alabama with its principal place of business at 3900 McCarty Lane, Suite 220, Lafayette, Indiana 47905.  It may be served via its registered agent, Corporate Creations Network, Inc., 4650 W. Spencer St., Appleton, WI 54914-9106." Doc. 52, ¶ 12.

3.     Plaintiff further alleges that:

(a)     Brenner sold parts for their trailers to the Plaintiff's company where it operated in Creola, Alabama for years;

(b)     Brenner had a general manager and a regular salesperson who dealt with the Plaintiff at his location in Creola, Alabama on a continuous and systematic basis;

(c)     Brenner's trailers are one of the main types of trailers that operate in Alabama, and they have done so for at least twenty (20) years;

(d)     Defendant Gulf Coast Express owns at least 15 Brenner trailers that haul products out of its Creola, Alabama location, and Plaintiff works on Brenner trailers at that location almost every workday;

(e)     There are Brenner trailers for sale all over the state of Alabama; and

(f)     Prior to the nitric acid spill made the basis of this case, Brenner trailers fitted with Girard valves have knowingly failed when used in conjunction with halting [sic] nitric acid.

Doc. 52, ¶¶ 38-43.

4.     Plaintiff's allegations regarding Brenner Tank have no evidence to support them and fail upon minimal scrutiny. Plaintiff does not specifically allege that Brenner Tank is subject to personal jurisdiction (general or specific) in Alabama. Nor does he allege that Brenner Tank itself does business in Alabama, had contacts with Alabama specific to the incident that forms the basis of this litigation, or had continuous and systematic contacts with the State of Alabama.

5.     Instead, Plaintiff alleges that Wabash National Corporation employees "systematically and continuously do business on behalf of and as agents of Wabash National Corporation, Brenner Tank Services, LLC and Brenner Tank, LLC …" Doc. 52, ¶ 21.

6.     Plaintiff intentionally confuses this Court by conflating Brenner Tank LLC, the Defendant herein, with a separate business entity, Brenner Tank Services LLC, a nonparty. As explained further below, Brenner Tank Services LLC merged into Wabash National Trailer Center, Inc. effective December 31, 2022 and no longer exists as a separate legal entity.

7.     Further, Plaintiff now apparently conflates Brenner Tank LLC with Wabash National Corporation.

8.     As the affidavits of Cheryl Seip, Rick Kostro, and Christopher Morgan demonstrate, there is evidence for only one conclusion with regards to Brenner Tank LLC: Brenner Tank LLC is a separate business entity from both Wabash National Corporation as well as Brenner Tank Services LLC.

9.     As demonstrated herein, Plaintiff's allegations are completely unsupported and are contrary to the evidence submitted in support of Brenner Tank's Motion to Dismiss, and there is no evidence to support Plaintiff's jurisdictional allegations against Brenner Tank.  Based on this, and for the reasons set forth herein, Brenner Tank is not subject to personal jurisdiction in Alabama and the claims asserted against it by Plaintiff in his First Amended Complaint should be dismissed.

## LEGAL STANDARD AND ARGUMENT

10.     In the Eleventh Circuit, "[a] plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction."  *Thornton v. Bayerische Motoren Werke AG*, 439 F. Supp. 3d 1303, 1307 (N.D. Ala. 2020).  Where the defendant challenges personal jurisdiction with evidence to support its position, the burden shifts back to the plaintiff to offer evidence supporting jurisdiction.  "To meet its burden, the plaintiff must provide sufficient evidence concerning the nonresident defendant's contacts with the forum to withstand a motion for a directed verdict."  *Id.* at 1307 (citations omitted).

11.     A federal court sitting in diversity undertakes a two-step inquiry to determine whether personal jurisdiction exists.  *Waite v. All Acquisition Corp.* 901 F.3d 1307, 1312 (11th Cir. 2018).  First, the exercise of jurisdiction must be appropriate under the forum state's long-arm statute, which delimits the exercise of personal jurisdiction under state law.  Second, the exercise of jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment.  *Id.*  Here, the two inquiries merge, because Alabama's long-arm

statute permits the exercise of personal jurisdiction to the fullest extent constitutionally permissible. *Transamerican Equipment Co., LLC v. Industrial Assets Corp.*, 7:17-CV-00481-LSC, 2018 WL 831014, *3 (N.D. Ala. Feb. 12, 2018) (internal citations and quotations omitted); *Matthews v. Brookstone Stores, Inc.,* 469 F. Supp. 2d 1056, 1060 (S.D. Ala. 2007); *see also Sloss Industries Corp. v. Eurisol,* 488 F.3d 922, 925 (11th Cir. 2007) (holding that "the two [personal jurisdiction] inquiries merge, because Alabama's long-arm statute permits the exercise of personal jurisdiction to the fullest extent constitutionally permissible").

12.     There are two types of personal jurisdiction:  general and specific.  Whether specific or general, the exercise of personal jurisdiction over a defendant must comport with due process. *Waite*, 901 F.3d at 1312.  The touchstone of this analysis is whether the defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (*citing Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)).

13.     Although the minimum contacts inquiry varies depending on the type of jurisdiction asserted, the inquiry for both types of jurisdiction, general and specific, focuses on "the relationship among the defendant, the forum, and the litigation," and is used to ensure that the defendant "is haled into court in a forum state based on the defendant's own affiliation with the state, rather than the 'random, fortuitous, or attenuated' contacts it makes by interacting with other persons affiliated with the state." *Thornton*, 439 F. Supp. 3d at 1308 (citations omitted).  Further, in evaluating whether a defendant is subject to personal jurisdiction, "it is the defendant's actions, not his expectations, that empower a

5

State's court to subject him to judgment." *McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 883 (2011).

14.     As more fully discussed below, Brenner Tank is not subject to either general or specific personal jurisdiction in this case.

## BRENNER TANK IS NOT SUBJECT TO GENERAL JURISDICTION IN ALABAMA

15.     Brenner Tank is not subject to general jurisdiction in Alabama because Alabama is neither Brenner Tank's state of organization nor Brenner Tank's principal place of business.  There is no genuine dispute that Brenner Tank is not "at home" in Alabama, regardless of Plaintiff's conclusory allegations to the contrary.  Indeed, as the Supreme Court has made clear, general jurisdiction is only available when the defendant can be considered "at home" in that jurisdiction.  *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (holding that, for a corporation, the paradigm forum for the exercise of general jurisdiction is the state "in which the corporation is fairly regarded as at home"); *see also McIntyre*, 564 U.S. at 881-82 ("By contrast, those who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter.").

16.     Beginning in 2011, the Supreme Court has issued four rulings encouraging courts to be modest when considering jurisdiction over nonresident defendants.  *See Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 582 U.S. 225, 266 (2017); *Daimler*, 571 U.S. at 138-39; *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011); *McIntyre*, 564 U.S. at 873.

17.    For a corporation, the exercise of general jurisdiction is appropriate in its state of incorporation or the state encompassing its principal place of business. *Goodyear*, 564 U.S. at 924 (2011).  The Eleventh Circuit has applied the *Goodyear* standard to limited liability companies. *See Rowe v. Gary, Williams, Perteni, Watson and Gary, P.L.L.C*, 723 Fed. Appx. 871, 874-75 (11th Cir. 2018) (applying *Goodyear* to determine professional limited liability company was not "at home" in Georgia); *see also Oates v. RML Huntsville, Alabama Automotive, LLC*, Case No.: 5:19-CV-1779-LCB, 2021 WL 2587958 at *2 (N.D. Ala. March 22, 2021) (no general jurisdiction over Arkansas LLC that did not have principal place of business in Alabama).

18.    If a corporation or LLC is not subject to general jurisdiction due to being incorporated or organized in the jurisdiction, or in having its principal place of business in that jurisdiction, such an entity will only be subject to general jurisdiction in an **exceptional** case. *See Daimler*, 571 U.S. at 130 n.19 ("We do not foreclose the possibility that in an exceptional case, a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State.") (citations omitted).  In this case, there are no allegations of exceptional circumstances for Brenner Tank to be at home in Alabama, and Plaintiff cannot meet his heavy burden of establishing that Brenner Tank is subject to general jurisdiction in Alabama.

19.    Specifically, the evidence submitted by Brenner Tank establishes that Brenner Tank is a limited liability company formed in Wisconsin with a principal place of

business in Lafayette, Indiana.  Amended Affidavit of Cheryl Seip ("Seip Affidavit"), **Exhibit A**, at ¶ 6.

20.    While general jurisdiction is based on the state of formation and principal place of business of the LLC, not its members, none of Brenner Tank's members were formed or incorporated in Alabama or have a principal place of business in Alabama.  Seip Affidavit, **Exhibit A**, at ¶¶ 11-23.

21.    Applying these facts to the stringent constitutional requirements for finding that an out-of-state defendant is subject to general jurisdiction, there simply is no evidence to support an argument that Brenner Tank is at home in the State of Alabama, and it is clear that Brenner Tank is not subject to general jurisdiction in the State of Alabama.  *See Butler v. Beer Across America*, 83 F. Supp. 2d 1261, 1266 (N.D. Ala. 2000) (defendant's internet sales of beer from Illinois, to Alabama residents, and sale of beer to Alabama residents through non-party Illinois retailer, were not sufficient to establish general jurisdiction where evidence was uncontroverted that defendant was not registered to do business in Alabama; did not own property in Alabama; had no offices or agents in Alabama; its key personnel had never visited Alabama; and it did not place advertisements in Alabama media outlets or engage in any other significant promotions targeting Alabama); *Tinsley v. BP Corp., North America, Inc.*, 112 F. Supp. 3d 1253, 1259 (N.D. Ala. 2015) (defendant's conduct of driving through Alabama on his way to other places in connection with his business operations was not sufficient to establish general jurisdiction; where defendant lacked continuous and systematic contacts with the State of Alabama, the court "clearly cannot exercise general jurisdiction" him); *Agundis v. Rice*, Civil Action No. 16-00122-

CG-B, 2017 WL 1293060, *5 (S.D. Ala. Feb. 22, 2017) (where plaintiff did not allege or demonstrate that any defendant had continuous and systematic contacts with the State of Alabama unrelated to her case, no general jurisdiction existed over the defendants); *Wilson v. Brown*, Civil Action No. 09-0490-CG-N, 2010 WL 703220, *1 (S.D. Ala. Feb. 18, 2010) (finding no general jurisdiction over non-resident defendant where the defendant offered evidence that it was a resident of Utah who did not do business in Alabama and had no purposeful contacts with Alabama).

## BRENNER TANK IS NOT SUBJECT TO
## SPECIFIC JURISDICTION IN ALABAMA

22.     While general jurisdiction is analyzed without regard for the relationship between any contacts with the forum state and the claims asserted in this litigation, "[s]pecific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum." *PVC Windoors, Inc. v. Babbitbay Beach Const. N.V.,* 598 F.3d 802, 808 (11th Cir. 2010) (internal citations quotations omitted).  In this Circuit, specific jurisdiction can only be found when:

> (i) the defendant's contacts with the forum state are related to or give rise to the plaintiff's cause of action;
>
> (ii) the contacts involve some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum; and
>
> (iii) the defendant's contacts with the forum are such that he should reasonably anticipate being haled into court there.

*Cont'l Motors, Inc. v. Jewell Aircraft, Inc.*, 882 F. Supp. 2d 1296, 1306–07 (S.D. Ala. 2012) (*citing Oldfield v. Pueblo De Bahia Lora, S.A.,* 558 F.3d 1210, 1220–21 (11th Cir. 2009) and *McGow v. McCurry,* 412 F.3d 1207, 1214 (11th Cir. 2005)); *Thornton*, 439 F. Supp.

3d at 1308 (in evaluating whether it can exercise specific jurisdiction over an out-of-state defendant, it is important that a court consider that "[s]pecific jurisdiction is present only if an action aris[es] out of or relat[es] to the defendant's contact with the forum.") (internal citations and quotations omitted).

**There is no evidence that Brenner Tank had any contacts
with the State of Alabama which gave rise to Plaintiff's cause of action.**

23.    In evaluating the first prong of the test, whether a defendant's contacts with the state gave rise to the cause of action, a court must look at the "direct causal relationship among the defendant, the forum, and the litigation." *Thornton*, 439 F. Supp. 3d at 1309. These contacts with the forum state must be created by the defendant, and in the Eleventh Circuit, "a tort arise[s] out of or relate[s] to the defendant's activity in a state only if the activity is the 'but-for' cause of the tort." *Id.* (*citing Waite*, 901 F. 3d at 1314).

24.    In this case, there is no evidence that Brenner Tank had any contacts with the State of Alabama or created any contacts with the State of Alabama.  As the affidavits submitted by Brenner Tank explain, there is no evidence that Brenner Tank created any relationship with the State of Alabama related to the tank trailer at issue in this litigation and no evidence of any contact by Brenner Tank purposefully directed at the State of Alabama which was the "but for" cause of the accident that is the basis of this lawsuit.

25.    Specifically, the evidence submitted by Brenner Tank establishes that Brenner Tank is in the business of designing, manufacturing, marketing, and selling chemical and petrochemical tank trailers.  Affidavit of Rick Kostro ("Kostro Affidavit"), **Exhibit B,** ¶ 7.  Brenner Tank has not registered to do business with the Alabama Secretary

of State and does not have a registered agent in Alabama. Brenner Tank has not authorized anyone to act as its agent for service of process in Alabama. Seip Affidavit at ¶ 7 (**Exhibit A**). Brenner Tank's research, design and manufacturing facilities are located in Fond du Lac, Wisconsin. Brenner Tank has never had design, manufacturing, or sales operations or facilities in Alabama, and does not own or operate any manufacturing facilities, service centers, or part depots in Alabama. Kostro Affidavit at ¶¶ 7, 9-10 (**Exhibit B**). Brenner Tank maintains no offices or places of business in Alabama and has no employees based in Alabama, and Brenner Tank does not own real estate, bank accounts or other interest in property in Alabama. Seip Affidavit at ¶¶ 9, 10 (**Exhibit A**). In 2021 and through today, Brenner Tank has not had a contractual relationship with any independent dealers located in Alabama for the sale of its tank trailers. While Brenner Tank sells tank trailers to purchasers located throughout the United States, from 2020 through today, Brenner Tank has not sold tank trailers directly into Alabama. Kostro Affidavit at ¶¶ 11-12 (**Exhibit B**); Supplemental Affidavit of Rick Kostro ("Supplemental Kostro Affidavit), **Exhibit C**, ¶¶ 9-12.

26.     With respect to the tank trailer at issue in this litigation (bearing Vehicle Identification Number 3E1AAB235PS385226), the evidence demonstrates that this tank trailer was one of a group of tank trailers sold by Brenner Tank to Quality Carriers in 2021. Quality Carriers is located in Tampa, Florida. In connection with the sale of these tank trailers, Ron Allen (based in Florida) on behalf of Brenner Tank and Steve Craig (based in Florida) on behalf of Quality Carriers, discussed and developed the specifications for the group of tank trailers, including the subject trailer. These specifications were tailored to

the requirements of Quality Carriers. Rob Hermes (based in Wisconsin) on behalf of Brenner Tank then prepared a quote which was signed by Steve Craig. Kostro Affidavit at ¶ 8 (**Exhibit B**).

27.    Based on the specifications, Brenner Tank developed drawings and otherwise designed the subject tank trailer in Wisconsin. The subject tank trailer was then manufactured by Bulk Tank International, S de RL de CV in San Jose Iturbide, Mexico in or about April 2022 and transported to Laredo, Texas where Bulk Solutions, LLC acted as the distributor or dealer and made the trailer available to Quality Carriers FOB in Texas.[1] Brenner Tank had no further involvement with the tank trailer at issue in this litigation. Kostro Affidavit at ¶ 8 (**Exhibit B**).

28.    This evidence, which is undisputed, establishes that there was no causal connection between any of Brenner Tank's activities, the State of Alabama, and this litigation.

---

[1] Although neither Bulk Tank International, S de RL de CV nor Bulk Solutions, LLC (collectively the "Bulk entities") are named Defendants in this litigation, for purposes of eliminating any questions about their contacts with the State of Alabama for purposes of personal jurisdiction, the evidence submitted by Brenner Tank in support of its Motion to Dismiss establishes that Bulk Solutions, LLC is a limited liability company formed in Texas with a principal place of business in Lafayette, Indiana. Bulk Tank International, S de RL de CV is a corporation organized under the laws of Mexico with a principal place of business in San Jose Iturbide, Mexico. Neither of the Bulk entities: (1) is registered to do business with the Alabama Secretary of State; (2) has a registered agent in Alabama; (3) has authorized anyone to act as their agent for service of process in Alabama; (4) maintains an office or places of business in Alabama; (5) has any employees based in Alabama; or (6) owns real estate, has bank accounts or other interest in property in Alabama. Seip Affidavit at ¶¶ 17-19; 23; 25-26 (**Exhibit A**).

29.    To the extent Plaintiff contends that the allegations in paragraphs 38-43 of his First Amended Complaint are sufficient to establish personal jurisdiction over Brenner Tank, this is not correct.  These unsupported allegations do not allege or establish that Brenner Tank created any contacts with the State of Alabama and do not allege or establish any causal connection between Brenner Tank's activities, the State of Alabama, and this litigation.  Instead, Plaintiff attempts to conflate Brenner Tank and other separate and distinct entities.  To the extent that the allegations likewise rely upon the affidavit of Plaintiff Jonathan Richie, these allegations demonstrate a clear misunderstanding of the business entities involved.  Mr. Richie conflates Brenner Tank LLC with a different company, Brenner Tank Services LLC, which is not named in this suit and ceased to exist as of December 31, 2022, when it merged into Wabash National Trailer Centers, Inc.  *See* Affidavit of Christopher Morgan ("Morgan Affidavit"), **Exhibit D**, ¶ 6.  Mr. Richie misunderstands that Brenner Tank LLC is not Brenner Tank Services LLC.  Further, these allegations are also disproved by the affidavits of Rick Kostro and Christoper Morgan.  *See* Kostro Affidavit (**Exhibit B**); Supplemental Kostro Affidavit (**Exhibit C**); and Morgan Affidavit (**Exhibit D)**.

30.    Specifically, Plaintiff's allegation, in paragraph 38, that "Brenner sold parts for their trailers to the Plaintiff's company where it operated in Creola, Alabama for years" does not allege any causal connection between Brenner's alleged activities and the incident made the basis of this lawsuit, and Plaintiff does not allege that any of these parts allegedly sold to Plaintiff's company were related in any way to the incident made the basis of this lawsuit.  Plaintiff does not even allege that any of these after-market parts were on the

subject trailer manufactured in April 2022.  Further, as established by the affidavit of Christopher Morgan, it is undisputed that this allegation is false.  Brenner Tank did not sell trailer parts to "Plaintiff's company" or any other business or entity in Alabama.  Morgan Affidavit at ¶¶ 14-16  (**Exhibit D**).

31.    Similarly, Plaintiff's allegation in paragraph 39, that Brenner Tank "had a general manager and regular salesperson who dealt with the Plaintiff at his location in Creola, Alabama on a continuous and systematic basis," is not an allegation that any alleged contacts between anyone allegedly associated with Brenner Tank and Plaintiff were in any way related to the incident made the basis of this litigation.  The affidavit of Christoper Morgan also establishes that this allegation is false.   Brenner Tank did not have a general manager or regular salesperson in Alabama who dealt with Plaintiff in Creola, Alabama on a continuous and systematic basis.  Morgan Affidavit at ¶¶ 15-20 (**Exhibit D**).

32.    To the extent the allegation in paragraph 40, that "Brenner trailers are one of the main types of trailers that operate in Alabama, and they have done so for at least twenty (20) years," is accurate, it is not an allegation that Brenner Tank created any contact with the State of Alabama or that Brenner Tank is involved in the operation of its trailers in Alabama.  Nor is there any allegation of any specific connection or relation between the general operation of Brenner Tank's trailers (by individuals and entities other than Brenner Tank) and the incident made the basis of this lawsuit.  Further, Brenner Tank has never sold any tank trailers into Alabama.   Kostro Affidavit at ¶¶ 11-12 (**Exhibit B**); Supplemental Kostro Affidavit at ¶¶ 9-12 (**Exhibit C**).

14

33.    The same analysis applies to the allegations in paragraph 41 (that "Defendant Gulf Coast Carriers owns at least 15 Brenner trailers that haul products out of its Creola, Alabama location, and Plaintiff works on Brenner trailers at that location almost every workday"), paragraph 42 (that "[t]here are Brenner trailers for sale all over the state of Alabama"), and paragraph 43 (that "[p]rior to the nitric acid spill made the basis of this case, Brenner trailers fitted with Girard valves have knowingly failed when used in conjunction with halting [sic] nitric acid").  These paragraphs do not allege any contact with Alabama created by Brenner Tank or any activities by Brenner Tank in any way related to the allegations made the basis of this lawsuit.  With respect to paragraph 42, there is no allegation that Brenner Tank sold these trailers into Alabama.  And, significantly with respect to paragraph 43, there are no allegations in paragraph 43 of any connection between the alleged activity and the State of Alabama.  None of these allegations change the fact that Brenner Tank has never designed, sold or delivered any tank trailers into Alabama.

34.    Because Brenner Tank has no activity within the State of Alabama, has not had or created any contacts with the State of Alabama, and there is no causal relationship between any of Brenner Tank's activities, the State of Alabama, and the litigation, Plaintiff cannot meet the first prong of the minimum contacts analysis necessary for specific personal jurisdiction.

35.    Based on the foregoing, Brenner Tank's Motion should be granted and Brenner Tank should be dismissed on the basis of lack of personal jurisdiction.

15

**There is no evidence that Brenner Tank had purposeful contacts with the State of Alabama and that these purposeful contacts are connected to this litigation.**

36.     Even if Plaintiff could show that Brenner Tank has contacts with the State of Alabama sufficient to satisfy the first prong of the minimum contacts analysis for specific jurisdiction – which Brenner Tank specifically denies – Plaintiff must still meet the second prong of the due process analysis in order for this Court to exercise specific personal jurisdiction over Brenner Tank.  Based on the evidence submitted by Brenner Tank in support of its Motion to Dismiss, Plaintiff cannot make such a showing.

37.     The second prong requires a plaintiff to show that the defendant "purposefully availed itself of the privilege of conducting activities – that is, purposefully establishing contacts – in the forum state[,] and there must be a sufficient nexus between those contacts and the litigation." *Thornton*, 439 F. Supp. 3d at 1309.  Purposeful availment can be shown through facts that would show that a defendant "deliberately engaged in significant activities within [the forum state] or created continuing obligations with residents of that forum." *Id*.  With respect to items placed in the stream of commerce, purposeful availment requires a showing of something more than "random, fortuitous, or attenuated" contacts by the defendant with the forum state.  *Id.* at 1310 (internal citations and quotations omitted).  *See also Matthews*, 469 F. Supp. 2d at 1064 (where product placed in the stream of commerce was not manufactured in Alabama or purchased in Alabama, there was no nexus sufficient to support specific personal jurisdiction over non-resident defendant in Alabama).

38.     The evidence submitted here by Brenner Tank conclusively establishes that Brenner Tank has not purposefully availed itself of the privilege of doing business in Alabama.  Indeed, the fact that this particular trailer found itself in Alabama was completely outside the control of Brenner Tank and just the sort of "random, fortuitous, or attenuated" activity described in *Thornton*.  Brenner Tank has not purposefully or deliberately established any contacts with the State of Alabama.  It has not created any continuing obligations with residents of the State of Alabama. It is not registered to do business in Alabama and has not sold any tank trailers directly to Alabama.  Brenner Tank does not market or advertise in Alabama, and it has not established channels for providing advice to Alabama's residents.  Brenner Tank did not design the tank at issue for the State of Alabama, and none of Brenner Tank's activities related to the design or sale of the tank trailer at issue occurred in Alabama.  Kostro Affidavit at ¶¶ 6-9 (**Exhibit B**).

39.     Nor do Plaintiff's allegations in paragraphs 38 through 43 establish that Brenner Tank purposefully availed itself of the privilege of doing business in Alabama, for the reason set out in paragraphs 29-33, *supra*.  As is self-evident, it is outside the control of Brenner Tank where a company that purchases a Brenner Tank trailer ultimately decides to operate or keep the trailer.  The fact remains, Brenner Tank has not sold any trailers into Alabama.

40.     There simply is no evidence that Brenner Tank had any contacts with the State of Alabama, and no evidence of any purposeful contacts related in any way to the litigation at issue.  In the absence of such evidence, Plaintiff cannot meet his burden of proving that Brenner Tank purposefully availed itself of the privilege of doing business in

Alabama sufficient to subject it to specific personal jurisdiction here. *See Thornton*, 439 F. Supp. 3d at 1309.

**The third prong of the test for the constitutional exercise of**
**specific personal jurisdiction is not relevant to the analysis in this case.**

41.    The third prong of the test for the exercise of specific personal jurisdiction is whether Brenner Tank had contacts with Alabama sufficient that it could reasonably anticipate being haled into court here.  However, because Plaintiff cannot meet his burden under the first two prongs of the test for specific jurisdiction in the Eleventh Circuit, this factor is not an issue in this Court's personal jurisdiction analysis.  *See Thornton*, 439 F. Supp. 3d at 1309 (third prong is analyzed only if plaintiff meets his burden on the first two prongs of the test).

42.    Based upon the above analysis, Plaintiff cannot establish that Brenner Tank is subject to specific personal jurisdiction and Brenner Tank's Motion should be granted.

## CONCLUSION

The evidence submitted by Brenner Tank in support of its Motion to Dismiss Plaintiff's First Amended Complaint establishes that Brenner Tank does not have minimum contacts with the State of Alabama sufficient to allow this Court to exercise personal jurisdiction over it.  Brenner Tank has no continuous and systematic contacts with the State of Alabama, and Brenner Tank did not purposefully direct any activities toward the State of Alabama related to the facts giving rise to this litigation.  Applying these facts to applicable law, it is clear that this Court does not have personal jurisdiction over Brenner

Tank, and the allegations in Plaintiff's First Amended Complaint should be dismissed as to Brenner Tank.

WHEREFORE, for the foregoing reasons, Brenner Tank respectfully requests the Court enter an Order granting its Motion to Dismiss, and for such other and different relief as the Court deems proper.

Respectfully submitted this the 7th day of October, 2024.

/s/ Russell C. Buffkin
RUSSELL C. BUFFKIN
KAREN L. TUCKER
Attorneys for Defendant, Brenner Tank LLC

OF COUNSEL:

HELMSING LEACH HERLONG
    NEWMAN & ROUSE, P.C.
P. O. Box 2767
Mobile, AL  36652
(251) 432-5521 – Office
Email: rcb@helmsinglaw.com
         ktl@helmsinglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 7th day of October, 2024, served a copy of the foregoing pleading on all parties to this action as follows:

Christine C. Hernandez
Brooke A. Kelly
Hernandez and Associates Law Firm, L.L.C.
1856 Airport Boulevard
Mobile, AL  36606
*Attorneys for Plaintiff*

Christopher A. Callaghan, LLC
3145 Gulf Shores Pkwy.
Gulf Shores, AL 36542
*Attorney for Plaintiff*

Nick Wooten
DJC LAW, PLLC
1012 W. Anderson Ln.
Austin, TX  78757
*Attorney for Plaintiff*

Dennis Oscar Vann, Jr.
Thomas W. Oliver, II
Carr, Allison, Pugh, Oliver & Sisson, P.C.
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
*Attorneys for Quality Carriers, Inc.*

Jeremy Patrick Taylor
Carr Allison
6251 Monroe Street, Suite 200
Daphne, AL 36526
*Attorneys for Quality Carriers, Inc.*

Adam M. Milam
Milam & Milam, LLC
20252 Highway 181, Suite C
Fairhope, Alabama 36532
*Attorney for Girard Equipment, Inc.*

Sean W. Shirley
Johnny L. Banks, III
BALCH & BINGHAM LLP
1901 6th Avenue North, Suite 1500
Birmingham, AL 35203
*Attorneys for Gulf Coast Express Carriers*

William Steele Holman, II
Speegle, Hoffman, Holman & Holifield, LLC
P. O. Box 11
Mobile, Alabama 36601
*Attorney for Michael Jennings*

/s/ Russell C. Buffkin
OF COUNSEL