IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | | |
|---|---|---|
| JONATHAN RICHIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:24-cv-00218-JB-MU |
| | ) | |
| QUALITY CARRIERS, INC., *et al.*, | ) | Removed from the Circuit Court |
| | ) | of Mobile County, Alabama |
| Defendants. | ) | Case No.: 02-CV-2024-901315 |

**PLAINTIFF'S RESPONSE TO DEFENDANT QUALITY CARRIERS, INC.'S
MOTION TO STRIKE PRE-JUDGMENT INTEREST**

COMES NOW the Plaintiff, Jonathan Richie (hereinafter "Plaintiff"), and files his response to Defendant Quality Carriers, Inc.'s Motion to Strike Pre-Judgment Interest. In support thereof, Plaintiff states the following:

1. Defendant, Quality Carriers, Inc.'s Motion to Strike Pre-Judgment Interest is not ripe for adjudication and is nothing more than a request for an advisory opinion.

2. As Defendant Quality Carriers, Inc. (hereinafter "Quality Carriers") correctly points out in its Motion to Strike Pre-Judgment Interest, the Plaintiff's First Amended Complaint makes a demand for "legal interest". (Doc. 52, in the unnumbered paragraphs immediately following ¶¶ 70, 97). Nowhere in the Plaintiff's First Amended Complaint does the Plaintiff ask specifically for "Pre-Judgment Interest". The language Quality Carriers is asking this Court to strike does not exist in Plaintiff's Complaint.

-1-

3. Quality Carriers Motion to Strike Pre-Judgment Interest is premature and not ripe for adjudication. It is noting more than a request for an advisory opinion. "A claim resting upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all,' is not fit for adjudication." *Texas v. United States*, 523 U.S. 296 (1998) (Quoting *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 580-581). Thus, ripeness is a threshold issue in federal courts, requiring the controversy to have matured into a point where the court can effectively resolve the issues. At this stage, the full extent of Plaintiff's damages, including whether they can be classified as liquidated or unliquidated, has not yet been determined, nor has the exact nature of the damages been presented to the court in a posture for final adjudication. In fact, Plaintiff has not made any specific request for pre-judgment interest for this very reason. Plaintiff has only made a demand in his First Amended Complaint for "legal interest". (Doc. 52, in the unnumbered paragraphs immediately following ¶¶ 70, 97).

4. Quality Carriers is seeking an advisory opinion as to what would constitute "legal interest", should this case get to a judgment and damages awarded.

5. Quality Carriers insinuates that all of Plaintiff's claims are unliquidated, and therefore should not be subject to pre-judgment interest. (Doc. 53, ¶ 2). However, pre-judgment interest may be proper on certain of Plaintiff's claims. Defendant relies on the general rule that pre-judgment interest is not recoverable on unliquidated damages for personal injuries. *State Farm Mut. Ins. Co. v. Fox*, 541 So. 2d 1070, 1072. However,

Alabama law allows for pre-judgment interest on damages that are certain or capable of being made certain. *Braswell v. Conagra,* Inc., 936 F.2d 1169, 1177 (11th Cir. 1991).

6. The damages in this case include not only personal injuries but also property damage and economic losses, which can be quantified with reasonable certainty. Plaintiff's claims for property damage and economic losses (as outlined in ¶69 and ¶96 of the First Amended Complaint) are not speculative and can be ascertained through objective calculations such as repair estimates and replacement costs. Notwithstanding this fact, that determination has yet to be made, and thus Quality Carriers Motion to Strike Pre-Judgment Interest is not ripe for adjudication.

WHEREFORE, for the reasons stated herein, Plaintiff respectfully requests that this deny Quality Carriers Motion to Strike Pre-Judgment Interest because the issue is not ripe for adjudication.

Respectfully submitted,

*/s/ Christopher A. Callaghan*
Christopher A. Callaghan (CAL074)
*/s/Christine Hernandez*
Attorney for Plaintiff (HER051)
*/s/Brooke Kelly*
Brooke Kelly (POA001)
The Hernandez & Associates Firm, LLC
Attorneys for the Plaintiff
1850 Airport Boulevard
Mobile, AL 36606
Telephone (251) 479-1477
Fax (251) 650-0843
callaghan@equalizingjustice.com

christine@equalizingjustice.com
brooke@equalizingjustice.com

*/s/ Nicholas Heath Wooten*
Nicholas Heath Wooten (WOO084)
Attorney for Plaintiff
DJC LAW, PLLC
1012 W. Anderson Ln.
Austin, TX 78757
Telephone (512) 220-1800
Fax (512) 220-1801
nick@teamjustice.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and/or U.S. Mail service will be perfected upon the following on this the 9th day of October, 2024.

Russell C. Buffkin
Karen L. Tucker
Helmsing Leach Herlong Newman & Rouse, P.C.
P.O. Box 2767
Mobile, AL 36652
*Attorneys for Brenner Tank, LLC*

Dennis Oscar Vann, Jr.
Thomas W. Oliver, II
Carr, Allison, Pugh, Oliver & Sisson, P.C.
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
*Attorneys for Quality Carriers, Inc.*

Jeremy Patrick Taylor
Carr Allison
6251 Monroe Street, Suite 200 Daphne, AL 36526
*Attorneys for Quality Carriers, Inc.*

Adam M. Milam
Milam & Milam, LLC
20252 Highway 181, Suite C Fairhope, Alabama 36532
*Attorney for Girard Equipment, Inc.*

Sean W. Shirley
Johnny L. Banks, III
BALCH & BINGHAM LLP
1901 6th Avenue North, Suite 1500 Birmingham, AL 35203
*Attorneys for Gulf Coast Express Carriers*

William Steele Holman, II
Speegle, Hoffman, Holman & Holifield, LLC P. O. Box 11
Mobile, Alabama 36601
*Attorney for Michael Jennings*