**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION**

| | | |
|---|---|---|
| JONATHAN RICHIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No.: 1:24-cv-00218-JB-MU |
| | ) | |
| QUALITY CARRIERS, INC., *et al*., | ) | Removed from the Circuit Court |
| | ) | of Mobile County, Alabama |
| Defendants. | ) | Case No.: 02-CV-2024-901315 |

**PLAINTIFF'S RESPONSE TO BRENNER TANK LLC'S
<u>MOTION TO DISMISS FIRST AMENDED COMPLAINT</u>**

**INTRODUCTION**

Plaintiff Jonathan Richie respectfully submits this response in opposition to Defendant Brenner Tank LLC's ("Brenner") Motion to Dismiss First Amended Complaint pursuant to Rule 12(b)(2), based on lack of personal jurisdiction. Brenner's motion is without merit because this Court has both general and specific jurisdiction over Brenner under Alabama's long-arm statute, Ala. R. Civ. P. 4.2, which extends personal jurisdiction to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment to the United State Constitution.

**FACTUAL BACKGROUND**

1. This case arises from a single event, nitric acid spill on May 13, 2024, in Creola, Alabama, where the Defendants acts and omissions led to the spill of over 5,000 gallons of nitric acid. (Doc. 52 ¶ 1).

2.  Defendant Brenner manufactures tank trailers, including the trailer involved in the spill, which was equipped with a known, defective safety valve. The safety valve failed, leading to the spill of over 5,000 gallons of nitric acid. (Doc. 52, ¶¶ 1, 2).

3. Brenner sold the specific tank trailer involved in this nitric acid spill which was subsequently used in Alabama, and this spill occurred within Alabama, causing substantial harm to Plaintiff, an Alabama resident. (Doc. 52, ¶¶ 8, 68, 69, 95, 96, 101).

4. "Defendant Brenner Tank, LLC… is in the business of manufacturing and selling tank trailers that haul hazardous materials. Defendant Brenner gives its customers the option to purchase trailers fitted with safety valves manufactured by Defendant Girard Equipment, Inc…. The safety valves manufactured by Girard have a known history of failure, especially when used in conjunction with hauling hazardous materials such as nitric acid." (Doc. 52, ¶ 2).

5.  "Defendant Gulf Coast Express Carriers, Corp…. is in the business of leasing tank trailers. Gulf Coast Express purchased tank trailers from Defendant Brenner and specifically ordered its tank trailers fitted with safety valves manufactured by Defendant Girard, which Gulf Coast Express knew to have a history of failure, especially when used in conjunction with hauling hazardous materials such as nitric acid." (Doc. 52, ¶ 3).

6.  "Defendant Quality Carriers, Inc…. is an affiliate partner of Defendant Gulf Coast Express and is in the business of hauling hazardous materials in tank trailers leased from its affiliate partner, Defendant Gulf Coast Express. Defendant Quality Carriers uses the tank trailers manufactured by Brenner fitted with safety valves manufactured by Girard, which

have a known history of failure, especially when used in conjunction with hauling hazardous materials such as nitric acid." (Doc. 52, ¶ 4).

7. "Defendants [in this action] do business in Mobile County, Alabama and acted in concert with each other and with other, separate entities and persons to create a hazardous and unsafe environment in which to haul hazardous materials, and in this case specifically nitric acid." (Doc. 52, ¶ 35).

8. The Complaint spells out how Defendant Michael Jennings, a truck driver for Defendant Quality Carriers drove a load of nitric acid from Cantonment, Florida to Creola, Alabama because he was informed that the external valve on the Brenner Tank, LLC trailer was defective. When Defendant Michael Jennings got to the repair shop in Creola, Alabama, where Brenner Tank, LLC trailers are worked on and maintained on a daily basis, Defendant Michael Jennings pulled the external valve, and over 5,000 gallons of nitric acid spilled onto the wet ground. (Doc. 52, ¶¶ 28-31).

9. Jonathan Richie has been "working in the business of maintaining and repairing trailers in the State of Alabama for twenty (20) years, and the two most prominent trailer manufacturers [he has] seen and worked on during [his] career are Brenner Tank, LLC and Polar Trailers." (See Affidavit of Jonathan Richie attached as **PLAINTIFF'S EXHIBIT C**, ¶ 22).

10. In the three years that Jonathan Richie has worked for Gulf States Truck & Trailer Repair Corp. at the Creola, Alabama location he has systematically and consistently made

stock orders for the fifteen (15) Brenner Tank trailers that he works on almost everyday that he goes to work. (**Id.,** ¶¶ 6, 7, 16, 17).

11. Defendant Wabash is the parent company and the sole member for Defendant Brenner. (Doc. 52, ¶ 37).

12. Defendant Brenner sold parts for their trailers to to the Plaintiff's company where it operated in Creola, Alabama for years. (Doc. 52, ¶ 38).

13. Gulf States Truck & Trailer Repair Corp. receives and pays invoices from Brenner Tank, LLC, Brenner Tank Services, LLC, Brenner Tank Co., Inc. and Wabash on those systematic and constant stock orders. (**PLAINTIFF'S EXHIBIT C,** ¶ 8, Doc. 52, ¶ 39).

14. Whether Gulf States Truck & Trailer Repair Corp. receives invoices from Brenner Tank, LLC, Brenner Tank Services, LLC, Brenner Tank Co., Inc. or Wabash, the salesperson and the general manager are always the same people.  Chris Morgan is the General Manager, and Alex Wolf is the sales representative. (**Id.,** ¶ 8).

15. "The shop in Creola, Alabama [where Jonathan Richie works] purchases dome lid gaskets, wash out cap gaskets, air gauges, lug locks and other parts from Brenner.  Brenner accepts payment for those parts and ships those parts to the shop in Creola, Alabama." (**Id.,** ¶ 9).

16. "The outside sales associate for Brenner, Alex Wolf, visit[ed] the Creola, Alabama location about once per month before the nitric acid spill to deliver Brenner Tank, LLC fenders that [Richie] ordered." (**Id.,** ¶ 10).

17. "Gulf Coast Express Carriers and Gulf States Truck & Trailer Repair Corp. have open account with Brenner for all their locations, including their Alabama locations." (**Id.,** ¶ 12).

18. In his Affidavit marked as **PLAINTIFF'S EXHIBIT C**, Jonathan Richie further states that "[I]n conversation it is common for both Alex Wolf and Chris Morgan to hold themselves out as working for 'Brenner Tank'". (**Id.,** ¶ 11).

19. There are several other companies in and near Creaola, Alabama, where the single event, nitric acid spill occurred, that own and operate Brenner Tank, LLC trailers. (**Id.,** ¶ 13-15).

20. Brenner Tank had prior knowledge that one of its tanker trailers was fitted with a defective Girard valve that would fail when used in conjunction with hauling nitric acid. Brenner Tank also knew that another trailer it had sold to Defendant Gulf Coast Express Carriers, Corp., had already been used to haul nitric acid, because that was the one that had already failed. (**Id.,** ¶ 19).

## LEGAL STANDARD

21. Defendant Brenner has moved to dismiss the Plaintiff's First Amended Complaint (Doc. 52) pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, asserting that the Plaintiff has not met his burden to plead a basis for jurisdiction and that the court has neither general nor personal jurisdiction over Brenner. (Doc. 58).

22. "The plaintiff bears the burden of establishing personal jurisdiction over the defendant [but] 'need only make a prima facie showing.'" *S & Davis Intern., Inc. v. The Republic of Yemen*, 218 F.3d 1292, 1303 (11th Cir. 2000) (quoting *Taylor v. Phelan*, 912 F.2d 429, 431 (10th Cir. 1990)). "The court must accept the allegations in the complaint as true." Id. "Where,

as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, 'the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'" *United Tech. Corp. v. Mazer*, 556 F3d 1260, 1274 (11th Cir. 2009). (quoting *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002)). If "the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Meier*, 288 F.3d at 1269.

23. Moreover, "When a defendant challenges personal jurisdiction, the plaintiff has the twin burdens of establishing that personal jurisdiction over the defendant comports with (1) the forum state's long'-arm provision and (2) the requirements of the due-process clause of the Fourteenth Amendment to the United States Constitution." *Lasalle Bank N.A. v. Mobile Hotel Properties, LLC*, 274 F.Supp.2d 1293, 1296 (S.D.Ala.2003). *See Olivier v. Merritt Dredging Co.*, 979 F.2d 827, 830 (11th Cir.1992), *cert. denied* 507 U.S. 983, 113 S. Ct. 1577, 123 L. Ed. 2d 145 (1993)."In this case, the two inquiries merge, because Alabama's long-arm statute permits the exercise of personal jurisdiction to the fullest extent constitutionally permissible. *See* Ala. R. Civ. P. 4.2(b); *Sieber v. Campbell*, 810 So.2d 641, 644 (Ala. 2001)." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007).

24."The Due Process Clause of the Constitution allows for general and specific jurisdiction over a defendant. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923-24 (2011). General jurisdiction is based upon 'a party's contacts with the forum state that are unrelated to the litigation, and specific jurisdiction 'is founded on a party's contacts with the forum state that are related to the cause of action.' *Madara v. Hall*, 916 F.2d 1510,

1516 (11th Cir. 1990). In considering whether general or specific personal jurisdiction complies with due process, the court must consider 'whether the defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." ' *Waite v. All Acquisition Corp*., 901 F.3d 1307, 1312 (11th Cir. 2018) (quoting *Int'l Shoe Co*. *v. Washington,* 326 U.S. 310, 316 (1945))." *Bayne v. Taishan Gypsum Co*., *Ltd*., 2021 WL 3603451, at 2 (N.D. Ala. Aug. 13, 2021).

25."In considering a Rule 12(b)(2), Ala. R. Civ. P., motion to dismiss for want of personal jurisdiction, a court must consider as true the allegations of the plaintiff's complaint not controverted by the defendant's affidavits. *Robinson v. Giarmarco Bill, P.C.*, 74 F.3d 253 (11th Cir. 1996), and *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829 (11th Cir. 1990), and `where the plaintiff's complaint and the defendant's affidavits conflict, the . . . court must construe all reasonable inferences in favor of the plaintiff.' *Robinson*, 74 F.3d at 255 (quoting *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990))." *Leithead v. Banyan Corp.*, 926 So. 2d 1025 at 1029 (Ala. 2005) (quoting *Ex Parte McInnis*, 820 So.2d 795 at 798).

26.As more fully discussed below, Brenner is subject to both general and specific jurisdiction.

## ARGUMENT

## I. PLAINTIFF CONCEDES THAT BRENNER IS NOT SUBJECT TO GENERAL JURISDICTION IN ALABAMA

27. Absent exceptional circumstances, corporations will be "at home" only in their state of incorporation and the state of their principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984); *Perkins v. Benguet Consol. Min. Co.*, 342 U.S. 437 (1952).

28. There is no dispute in this case that Brenner was not formed in Alabama, and its principal place of business is not in Alabama. (Doc. 52, ¶ 12).

## II. BRENNER IS SUBJECT TO SPECIFIC JURISDICTION

29. Specific jurisdiction exists where a defendant's contacts with the forum state give rise to or relate to the plaintiff's claims. *Madara v. Hall*, 916 F.2d 1510, 1516 (11th Cir. 1990). *See also Singh v. Lincoln Mem'l Univ.*, Civil Action 2:22-00304-KD-B (S.D. Ala. Sept. 8, 2022).

30. The Eleventh Circuit has implemented a three-part test for determining whether due process is satisfied for specific personal jurisdiction:  (1) whether the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant "purposefully availed" himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice. *Singh v. Lincoln Mem'l Univ.*, Civil Action 2:22-00304-KD-B (S.D. Ala. Sept. 8, 2022) (citing *Bayne v. Taishan Gypsum Co.*, 2021 WL 3603451, at 2 (citing *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013)).

A.    **Plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum.**

31. This case arises from a single event, nitric acid spill on May 13, 2024, in Creola, Alabama, when a Brenner Tank, LLC brand trailer, fitted with a valve that Defendant Brenner Tank, LLC knew to be defective when used in conjunction with nitric acid did in fact fail, and cause over 5,000 gallons of nitric acid to spill out onto the wet ground, causing a hazardous materials emergency which injured the Plaintiff, Jonathan Richie. (Doc. 52, ¶¶ 1-4, 6).

32. Rick Kostro has worked for Brenner Tank, LLC, or a related company since 2021. (Doc. 59-2, ¶ 2). In his affidavit submitted by Defendant, Brenner, Rick Kostro admits that Brenner sold the tank trailer at issue to Quality Carriers. (Doc. 59-2, ¶ 8).

33. Chris Morgan and Alex Wolf, who worked for Wabash National, the parent company of Defendant Brenner Tank, LLC and who also held themselves out to the Plaintiff as working on behalf of Defendant Brenner Tank, LLC had regular contact with the Plaintiff by selling the Plaintiff's company parts in Alabama, by shipping and delivering parts to Alabama and by accepting money for parts it delivered in Alabama.  Some of those parts were sold for the purpose of maintaining and repairing the actual Brenner Tank, LLC Trailer involved in the nitric acid spill at issue in this case. (**PLAINTIFF'S EXHIBIT C**, ¶¶ 6-11, 16, 17).

34. Defendant Brenner Tank had prior knowledge that one of its tanker trailers was fitted with a defective Girard valve that would fail when used in conjunction with hauling nitric acid.  Brenner Tank also knew that another trailer it had sold to Defendant Gulf Coast Express Carriers, Corp., had already been used to haul nitric acid, because that was the one that had already failed. (**Id.,** ¶ 19).

35. Plaintiff's claims arise out of or relate to at least one of Brenner Tank, LLC's contacts in Alabama.

36. The Defendant, Brenner, would have this court believe that because it did not purposely direct its trailer to the State of Alabama that it should not be subject to Specific Jurisdiction, but that is not the law.

37. Just this year, the Alabama Supreme Court upheld the rule of law found in *Ford Motor Co. v. Montana Eighth Judicial District Court*, 592 U.S. 351 (2021) where the United States Supreme Court held that "jurisdiction can exist if the claim 'arise[s] out of *or relate[s] to*' the defendant's contacts with the forum state. *Ford*, 592 U.S. at 362 (citations omitted)." *Sawyer v. Cooper Tire & Rubber Co.*, (SC-2023-0603, Decided September 6, 2024). "The Court wrote that a claim that 'relates to' a defendant's contacts with a forum state could include circumstances in which the defendant 'systematically served a market in [the forum state] for the very [product] that the plaintiffs allege malfunctioned and injured them' in that state, even when the plaintiffs cannot show that the defective product was purchased there. *Sawyer* at p. 3 (*quoting Ford Motor Co*., at 365).

38. In *Ford*, Ford was incorporated in Delaware and headquartered in Michigan. Montana and Minnesota courts exercised jurisdiction over Ford in products-liability suits stemming from car accidents that injured state residents, even though the vehicles were designed and manufactured elsewhere and were sold outside the forum States. *Ford*.

39. Here, Brenner Tank, LLC sold a tanker trailer it knew to be fitted with a Girard valve, which has been known to fail when hauling chemicals such as nitric acid, to Quality Carriers, who knowingly operates in Creola, Alabama. (Doc. 59-2, ¶ 8). (Doc. 52, ¶¶ 9).

40. Even Wabash National's own Website states, "Wabash acquires Walker Group Holdings, a leading producer of liquid transportation systems and engineered products sold under the Walker, Brenner and Bulk family of brands." (https://onewabash.com/about-us/our-story). See attached Webpage attached as "**Plaintiff's Exhibit A**".

41. A quick Google Search of "brenner tank trailers for sale in alabama" immediately shows a number of websites selling Brenner Tank trailers in Alabama. (See **PLAINTIFF'S EXHIBIT B**).

42. Defendant Brenner Tank, LLC manufactures and sells tank trailers for hauling hazardous materials, offering customers the option to include safety valves from Defendant Girard Equipment, Inc., which have a known history of failure, particularly with hazardous materials like nitric acid (Doc. 52, ¶ 2). Defendant Gulf Coast Express Carriers, Corp. leases these tank trailers from Brenner, specifically ordering trailers with Girard safety valves despite their known defects (Doc. 52, ¶ 3). Defendant Quality Carriers, Inc., an affiliate of Gulf Coast Express, uses these defective trailers to transport hazardous materials, including nitric acid (Doc. 52, ¶ 4).

43. The Defendants conduct business in Mobile County, Alabama, collaborating to create hazardous conditions for transporting materials like nitric acid (Doc. 52, ¶ 35). The complaint details how Defendant Michael Jennings, a driver for Quality Carriers, transported a load of nitric acid to a repair shop in Creola, Alabama, where, upon pulling the external valve on the Brenner trailer, over 5,000 gallons of nitric acid spilled onto the wet ground (Doc. 52, ¶¶ 28-31).

44. Jonathan Richie, with 20 years of experience in trailer maintenance in Alabama, has regularly worked on Brenner Tank trailers. Over the past three years at Gulf States Truck & Trailer Repair in Creola, Richie has consistently ordered parts for Brenner trailers, receiving and paying invoices from Brenner and its affiliates (**PLAINTIFF'S EXHIBIT C**, ¶¶ 6-8). Chris Morgan and Alex Wolf, who consistently represent Brenner, have overseen these transactions (**Id.**, ¶ 8). Brenner regularly ships parts to the Creola shop, where their sales associate, Alex Wolf, visited monthly before the acid spill (**Id.**, ¶¶ 9-10). Gulf Coast Express and Gulf States Truck & Trailer Repair maintain open accounts with Brenner for all their locations, including those in Alabama (**Id.**, ¶ 12). Richie attests that Morgan and Wolf often present themselves as employees of "Brenner Tank" (**Id.**, ¶ 11). Multiple companies in the Creola area operate Brenner Tank trailers (**Id.**, ¶¶ 13-15).

45. Brenner Tank was aware that one of its trailers, fitted with a defective Girard valve, had previously failed while hauling nitric acid, yet they allowed another trailer with the same defect to be used by Defendant Gulf Coast Express (**Id.**, ¶ 19).

46. Defendant Brenner Tank, LLC has established significant and systematic connections with the State of Alabama through the sale, distribution, and use of its products, including the tank trailer involved in this case. Brenner Tank routinely dispatches sales representatives and general managers to its vendors in Alabama, engaging in continuous and consistent business activities within the state. The company sells products to vendors who maintain and service Brenner Tank trailers on a regular basis, further solidifying its presence in Alabama.

**B.      Defendant Brenner Tank, LLC "purposefully availed" himself of the**

**privilege of conducting activities within the State of Alabama, thus invoking**

**the benefit of the laws of the State of Alabama.**

47. Here, Defendant Brenner Tank, LLC purposefully availed itself of the Alabama market by deliberately engaging in activities within Alabama.

48. Brenner Tank had salesmen and general managers who sold and delivered parts. (**PLAINTIFF'S EXHIBIT C**, ¶¶ 6-11, 16, 17).

49. Brenner Tank's general manager worked with the Plaintiff regarding the first two failures of the Girard valves in its Brenner Tank, LLC brand trailers. (**PLAINTIFF'S EXHIBIT C**, ¶¶ 19-20).

50. These contacts were not random, fortuitous, or attenuated but are instead the result of intentional activities by Defendant Brenner Tank, LLC that created a substantial connection with the State of Alabama.

**C.    The exercise of personal jurisdiction comports with traditional notions of**

**fair play and substantial justice.**

51. This is not an action where Defendant Brenner Tank, LLC is the only Defendant.

52. There are Defendants from Mississippi, Illinois, Florida, Louisiana, Washington and Wisconsin. (Doc. 52, ¶¶ 8-14).

53. This is an action where the only Plaintiff(s) resides in the State of Alabama. (Doc. 52, ¶ 8).

54. This is an action where the incident which gave rise to the Plaintiff's harm occurred during a single event, nitric acid chemical spill which occurred in the State of Alabama. (Doc. 52, ¶ 1).

55. This is an action where the only tank trailer involved in the incident was a Brenner Tank, LLC tank trailer, which was operated and maintained on a regular and systematic basis inside the State of Alabama. (Doc. 52, ¶¶ 2-3).

56. To require the Alabama plaintiff to file separate lawsuits against each defendant in different states would not only be inefficient but would also undermine the principles of fairness and justice. Keeping the claims in Alabama, where the incident occurred and where the plaintiff resides, ensures that the legal process is fair and just for all parties. The exercise of personal jurisdiction over Brenner Tank, LLC in Alabama is therefore consistent with traditional notions of fair play and substantial justice.

57. Lastly, "where the evidence presented by the parties' affidavits and deposition testimony conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988).

58. Here, we have affidavits submitted by both parties, which appear to contradict one another regarding Brenner's contacts within the State of Alabama, and the Plaintiff requests that this Court construe all reasonable inferences in favor of the non-movant plaintiff.

**CONCLUSION**

59. For the foregoing reasons, Plaintiff respectfully requests that this Court deny Brenner's Motion to Dismiss. Brenner is subject to both general and specific jurisdiction in

Alabama, and the exercise of jurisdiction over Brenner is consistent with Alabama's long-arm statute and the Due Process Clause of the Fourteenth Amendment.

**ALTERNATIVE RELIEF**

60. If the court is not inclined to deny Defendant Brenner Tank, LLC's Motion to Dismiss, then Plaintiff prays this Honorable Court would set this matter for an evidentiary hearing and would allow sufficient time for the Plaintiff to conduct discovery prior to any evidentiary hearing.

Respectfully submitted,

*/s/ Christopher A. Callaghan*
Christopher A. Callaghan (CAL074)
Attorney for Plaintiff

*/s/Christine Hernandez*
Christine Hernandez
Attorney for Plaintiff (HER051)

*/s/Brooke Kelly*
Brooke Kelly ( POA001 )
Attorney for Plaintiff

The Hernandez & Associates Firm, LLC
Attorneys for the Plaintiff
1850 Airport Boulevard
Mobile, AL 36606
Telephone (251) 479-1477
Fax (251) 650-0843
callaghan@equalizingjustice.com
christine@equalizingjustice.com
brooke@equalizingjustice.com

*/s/ Nicholas Heath Wooten*
Nicholas Heath Wooten (WOO084)
Attorney for Plaintiff

-15-

Cheeley Law Group
2500 Old Milton Pkwy., Ste. 200
Alpharetta, GA 30009
Telephone (770) 814-7001
nick@cheeleylawgroup.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and/or U.S. Mail service will be perfected upon the following on this the 22nd day of October, 2024.

Russell C. Buffkin
Karen L. Tucker
Helmsing Leach Herlong Newman & Rouse, P.C.
P.O. Box 2767
Mobile, AL 36652
*Attorneys for Brenner Tank, LLC*

Dennis Oscar Vann, Jr.
Thomas W. Oliver, II
Carr, Allison, Pugh, Oliver & Sisson, P.C.
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
*Attorneys for Quality Carriers, Inc.*

Jeremy Patrick Taylor
Carr Allison
6251 Monroe Street, Suite 200 Daphne, AL 36526
*Attorneys for Quality Carriers, Inc.*

Adam M. Milam
Milam & Milam, LLC
20252 Highway 181, Suite C Fairhope, Alabama 36532
*Attorney for Girard Equipment, Inc.*

Sean W. Shirley
Johnny L. Banks, III
BALCH & BINGHAM LLP
1901 6th Avenue North, Suite 1500 Birmingham, AL 35203
*Attorneys for Gulf Coast Express Carriers*

William Steele Holman, II
Speegle, Hoffman, Holman & Holifield, LLC P. O. Box 11
Mobile, Alabama 36601
*Attorney for Michael Jennings*

-17-

EXHIBIT A

Wabash National Corporation nears $2 billion in revenue.

Wabash expands its aerodynamics offerings, creating the industry's largest portfolio of products designed to improve fuel economy, reduce emissions and lower operating costs.



### 2015

In response to changing trends and needs in the trucking industry for final mile and home delivery options, Wabash introduces its own line of truck bodies.



### 2013

Wabash produces its 500,000th DuraPlate trailer, which is built for Crete Carrier Corporation, one of the largest privately owned trucking companies in the U.S.



### 2012

Wabash acquires Walker Group Holdings, a leading producer of liquid transportation systems and engineered products sold under the Walker, Brenner and Bulk family of brands.



### 2011

Wabash partners with Nussbaum Transportation to develop DuraPlate XD-35—a dual-function, extreme-duty dry freight van—the transportation industry's first dry van with a 35,000-pound floor rating.



### 2009

To address fuel efficiency regulations, Wabash introduces DuraPlate AeroSkirt. This highlights Wabash National's ongoing innovation to improve fleet fuel consumption and operating costs and reduce emissions.



### 2009

Leveraging DuraPlate technology into new industries, Wabash National produces collapsible DuraPlate Storage Containers.



### 2008

Wabash adds Benson aluminum platform trailers to its portfolio, complementing Transcraft's steel and combo flatbed offerings. The company



### 2008

Wabash establishes the DuraPlate Products Group, later named Wabash



brenner tank trailers for sale in alabama

**Google**  brenner tank trailers for sale in alabama

PLAINTIFF'S EXHIBIT B

 Truck Paper
https://www.truckpaper.com › ... › BRENNER



### BRENNER Trailers For Sale in ALABAM... | TruckPaper.com

Browse a wide selection of new and used **BRENNER Trailers for sale** near you at TruckPaper.com. Top models for **sale in ALABAMA** include 5000 GALLON REAR DISC.

 Commercial Truck Trader
https://www.commercialtrucktrader.com › trucks-for-sale



### Brenner Tank Trailers for Sale

Looking to **buy a Brenner Tank truck**? Browse our extensive inventory of new and used **Brenner Tank** trucks from local **Brenner Tank dealers** and private sellers.
$9,000.00 to $35,900.00

 Commercial Truck Trader
https://www.commercialtrucktrader.com › trucks-for-sale

### New and Used BRENNER TANK Trailers For Sale in Alabama

Looking to **buy a Brenner Tank truck** in **Alabama**? Browse our extensive inventory of new and used **Brenner Tank** trucks from local **Brenner Tank dealers** and private ...

 Machinery Trader
https://www.machinerytrader.com › listings › gasoline-s...



### Gasoline / Fuel Tank Trailers For Sale in ALABAMA

Browse a wide selection of new and used Gasoline / Fuel **Tank Trailers for sale** near you at MachineryTrader.com.

 Valley Supply & Equipment
https://stg.valleysupplyequipment.com › ... › BRENNER



### BRENNER Tank Trailers For Sale in ALABAMA

Browse a wide selection of new and used **BRENNER Tank Trailers for sale** near you at stg.valleysupplyequipment.com. Top models for **sale in ALABAMA** include ...

 SOARR.com
https://www.soarr.com › Trailers For Sale › Tank Trailers

### Tank Trailers For Sale in Alabama (New & Used)

Browse our inventory of New and Used **Tank Trailers** in **Alabama** near you. **Listings** from thousands of **dealer** locations across the United States and Canada.

STATE OF ALABAMA

**PLAINTIFF'S EXHIBIT C**

COUNTY OF MOBILE

<u>**AFFIDAVIT OF JONATHAN RICHIE**</u>

Jonathan Richie, being duly sworn, states and declares as follows:

1. My name is Jonathan Richie. I am over the age of nineteen (19), and I am competent to testify in all respects. I have personal knowledge regarding the matters stated in this affidavit. If called to testify, I could and would testify consistently with statements in this affidavit.

2. I am an employee of Gulf States Truck & Trailer Repair Corp.

3. Gulf States Truck & Trailer Repair Corp. is a Louisiana Corporation, but it has assigned me to work as a repair shop supervisor in Creola, Alabama.

4. The repair shop where I work is operated by Gulf Coast Express Carriers Corp. It is located in Creola, Alabama.

5. Gulf Coast Express Carriers Corp. is a Louisiana Corporation, but it operates the shop location where I work on a daily basis in Creola, Alabama.

6. I have worked for Gulf States Truck & Trailer Repair Corp at the Gulf Coast Express Carriers Corp. location in Creola, Alabama for approximately three (3) years.

7. During the entire time I have worked for Gulf States Truck & Trailer Repair Corp at the Gulf Coast Express Carriers Corp. location in Creola, Alabama, we have systematically and consistently made stock orders of parts from Brenner Tank, LLC , Brenner Tank Services, LLC, Brenner Tank Co., Inc., and Wabash for the Brenner Tank, LLC trailers that we work on.

8. Whether we receive invoices from Brenner Tank, LLC, Brenner Tank Services, LLC, Brenner Tank Co., Inc. or Wabash, (hereinafter, collectively, "Brenner") the salesperson and the general manager are always the same people. Chris Morgan is the General Manager, and Alex Wolf is the sales representative.

9. The shop in Creola, Alabama purchases dome lid gaskets, wash out cap gaskets, air gauges, lug locks and other parts from Brenner. Brenner accepts payment for those parts and ships those parts to the shop in Creola, Alabama.

10. The outside sales associate for Brenner, Alex Wolf, visited our Creola, Alabama location about once per month before the nitric acid spill to deliver Brenner Tank, LLC fenders that I ordered.

11. In conversation it is common for both Alex Wolf and Chris Morgan to hold themselves out as working for "Brenner Tank".

12. Gulf Coast Express Carriers and Gulf States Truck & Trailer Repair Corp. have open account with Brenner for all their locations, including their Alabama locations.

13. Transwood, Inc., a company operating in Mobile, Alabama owns and operates Brenner Tank, LLC trailers in Alabama.

14. Martin Transport, Inc., a company operating in Whistler, Alabama owns and operates Brenner Tank, LLC trailers in Alabama.

15. Robbie D. Wood, Inc., a trucking company out of Dolomite, Alabama, owns and operate Brenner Tank, LLC trailers.

16. There are currently no less than fifteen (15) different Brenner Tank, LLC trailers that I perform work on on a regular basis.

17. In fact, I work on Brenner Tank, LLC made trailers almost every workday.

18. While at my current job, but some time prior to the nitric acid spill that occurred on May 13, 2024, I called and spoke with Chris Morgan, the general manager for Brenner.

19. I called Chris Morgan because our shop had a Brenner Tank, LLC tanker trailer that after its first time hauling nitric acid had an issue with its internal valve. The trailer was washed out, and I dropped the valve to inspect it. The nitric acid had corroded the valve seat disk in the valve, which was a Girard valve. Chris Morgan sent me a new stainless steal valve seat disk, and I installed it. The next time that trailer hauled nitric acid the Girard valve failed again. I notified Chris Morgan with Brenner of the second failure, and I replaced the entire valve with a stainless steal valve from another manufacturer.

20. Chris Morgan also sent me a written breakdown of the Girard valve so I could order the correct part numbers.

21. Even when I worked for other repair companies in Alabama I worked on Brenner Tank, LLC trailers because they are very common in Alabama.

22. I have worked in the business of maintaining and repairing trailers in the State of Alabama for twenty (20) years, and the two most prominent trailer manufacturers I have seen and worked on during my career are Brenner Tank, LLC and Polar trailers.

23. Through my employment and repair work we perform on Brenner Tank, LLC trailers on a daily basis, I have personal knowledge that Brenner Tank, LLC trailers are carrying goods into, out of, within, and through the State of Alabama every day and have been doing so throughout my 20 year career of maintaining and repairing trailers.

24. In fact, I just worked on a Brenner Tank, LLC trailer this morning before testifying in this affidavit.

FURTHER, AFFIANT SAITH NOT.

_____

Jonathan Richie

Sworn to and subscribed before me this the 20th day of August, 2024.

_____
Notary Public
My commission expires: 7/15/26

MICHELLE BOZEMAN
My Commission Expires
July 15, 2026