**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| JONATHAN LEON RICHIE, et al., | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )   **CIVIL ACTION NO. 1:24-00218-JB-MU** |
| | ) |
| QUALITY CARRIERS, et al., | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This action is before the Court on Defendant Gulf Coast Express Carriers, Inc.'s ("GCEC") Motion to Remand the claims of Plaintiff Darrell Holsenback pursuant to Rule 21.  (Doc. 107).  All Plaintiffs filed an opposition to the Motion.  (Doc. 109).  GCEC filed a Reply.  (Doc. 110).

On November 12, 2025, the Court conducted a hearing at which the parties agreed that staying resolution of the Motion to Remand was appropriate pending release of the United States Supreme Court's decision in *Hain Celestial Group v. Palmquist*, No. 24-724.  In light of the issues presented in *Palmquist*, it appeared the Supreme Court's decision could affect this Court's discretion to sever and remand Holsenback's claims under Rule 21.  (*See* Doc. 115 and November 12, 2015 minute entry).  The Court stated it was inclined to grant the Motion to Remand, but that it would stay its decision until after the Supreme Court rendered its opinion in *Palmquist*.

The Supreme Court rendered its opinion in *Palmquist* on February 24, 2026.  146 S. Ct. 724 2026 U.S. LEXIS 1101.  Thereafter, the parties submitted briefs addressing what impact, if any, *Palmquist* had on this Court's discretion to sever and remand Holsenback's claims.  (Docs. 132 and 133).  For the reasons stated in Defendants' Joint Notice (Doc. 132), the Court agrees

*Palmquist* does not eliminate or limit this Court's discretion pursuant to Rule 21 under the particular facts in this case. It is undisputed this action was properly removed based on the complete diversity of the parties existing at the time of removal. The Court obtained subject-matter jurisdiction of this case at the time of removal and retained it through the filing of the Second Amended Complaint. The Supreme Court expressly excluded the application of its decision in *Palmquist* to the facts in this case:

> Some courts have used Rule 21 to dismiss nondiverse parties joined after the case was properly removed to federal court. *See, e.g., Gorfinkle v. U. S. Airways, Inc.*, 431 F. 3d 19, 21–23 (CA1 2005). Because Whole Foods was named in the original state-court complaint in this case, the Court expresses no view on whether using Rule 21 to dismiss a nondiverse party added after a proper removal is appropriate. The Court also expresses no view as to Rule 21's role in cases originally filed by plaintiffs in federal court. *See, e.g., Publicker Industries, Inc. v. Roman Ceramics Corp.*, 603 F. 2d 1065, 1067, 1069 (CA3 1979).

2026 U.S. LEXIS 1101, at* 17 n.5.

For the reasons stated in Defendants' Motion (Doc. 107) and Reply (Doc. 110), and as stated at the hearing, the Court concludes the Motion is due to be GRANTED.

## CONCLUSION

Defendants' Motion to Remand (Doc. 107) is **GRANTED**. The claims of Plaintiff Darrell Holsenback are severed and remanded to the Circuit Court of Mobile County, Alabama.

**DONE and ORDERED** this 25th day of March, 2026.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE